IN the MATTER OF the RULES OF CRIMINAL PROCEDURE: SEC. 971.20, STATS.

Supreme Court

*Undocketed. Filed January 5, 1983.*
(Also reported in 328 N.W.2d 284.)

PER CURIAM. On October 7, 1982 the Judicial Conference of Wisconsin filed a petition requesting that the statute providing for substitution of judge in criminal proceedings, sec. 971.20, Stats., be amended to require that all requests for substitution made pursuant to that statute be based upon a showing of cause in a sworn affidavit and to provide that a denial of any substitution request be administratively reviewable by the chief judge of the district in which the action is pending or, in the event the judge sought to be replaced is the chief judge, by the chief judge of an adjoining district. The petition, filed in response to a resolution adopted by the Judicial Conference at its business meeting on September

24, 1982, invokes this court's statutory authority to regulate pleading, practice and procedure in judicial proceedings in all courts. Sec. 751.12, Stats. The statute provides that the Judicial Council of Wisconsin is to act in an advisory capacity to assist the court in performing its duties thereunder.

On April 11, 1980 the Judicial Council, in response to a letter from the chief justice of this court asking ". . . that the Judicial Council re-examine the issue of disqualification and substitution of judges, particularly with respect to the effect thereof on delay of trials and court backlog," established a Judge Substitution Committee, comprised of judges, legislators, attorneys and court administrators.[1] The records of that committee disclose that it considered the advisability of returning to the "affidavit of prejudice" system of judge substitution, which had been the law of Wisconsin prior to the 1969 enactment of sec. 971.20, Stats. The committee recommended to the 1981 legislature, in the form of Senate

[1] The members of the Judge Substitution Committee were:

J. Denis Moran, Director of State Courts, State Capitol; Senator Lynn S. Adelman, State Capitol; Rep. James A. Rutkowski, State Capitol; Judge Michael J. Barron, Milwaukee County; Judge Nathan E. Wiese, Waupaca County; Judge Gordon Myse, Outagamie County; Attorney Thomas J. Curran, Curran, Curran & Holenbeck, Mauston; Attorney Jerome L. Fox, Olson, Winter & Fox, Two Rivers; Attorney Myron E. LaRowe, LaRowe & Gerlach, Reedsburg; Attorney Gordon Samuelsen, Assistant Attorney General; Attorney Leon E. Sheehan, Moen, Sheehan, Meyer & Henke, La Crosse; Attorney Richard J. Weber, Kelly and Weber, Wausau; and Orlan L. Prestegard, Revisor of Statutes, State Capitol.

Ad hoc members of the committee were: Judge Victor A. Manian, Milwaukee County; Judge Albert A. Twesme, Trempealeau County; Attorney John A. Fiorenza, Fiorenza, Weiss, Amato & Persa, Milwaukee; Edward F. McClain, Deputy Director for Court Operations, Madison; Attorney Willard P. Techmeier, Milwaukee; and John D. Ferry, Jr., Court Administrator, Manitowoc.

Bill 163, that sec. 971.20, Stats., be amended to provide a defendant in any criminal action the right to only one substitution of a judge, but it did not recommend that a request for such substitution be based on a showing of cause. The note accompanying the bill stated, in part, "The statute does not govern removal for cause of the assigned judge through an affidavit of prejudice." Senate Bill 163, with modifications not pertinent here, was enacted into law as chapter 137, Laws of 1981, and became effective on May 1, 1982.

The court recently considered the judge substitution statute in the context of the constitutional exercise of legislative power and the separation of powers doctrine. *State v. Holmes,* 106 Wis. 2d 31, 315 N.W.2d 703 (1982). There it was held that the statute, prior to its most recent amendment, was not an unconstitutional exercise of legislative power to ensure fair trials and that "it has not been proven beyond a reasonable doubt that the peremptory substitution statute materially impairs or practically defeats the proper functioning of the judicial system" so as to constitute a violation of the doctrine of separation of powers. *Id.,* at 68, 70.

The present judge substitution statute has not been in effect for a period of time sufficient to demonstrate any change in judge substitutions as they affect judicial administration. Further, the petitioner has not presented any new information on the number and effect of judge substitutions on judicial administration which would warrant amending the peremptory aspect of the law. Consequently, in light of the recent change in the judge substitution statute and the court's ruling in *Holmes, supra,* the petition is denied.